UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randall Edwin Latimer, # 135007, | C/A No. 8:10-2829-JFA-KFM |
| Plaintiff, | |
| vs. | Report and Recommendation |
| Michael McCall, *Warden Perry Correctional Institution*; | |
| Karen C. Ratigan, *Assistant Attorney General*; | |
| Judge Larry R. Patterson; | |
| Judge John C. Few; | |
| Judge Edward W. Miller; | |
| Leslie Dorn, *Parole Agent*; | |
| Henry D. McMaster, *Attorney General*; | |
| Judge C. Victor Pyle, Jr.; | |
| Judge Thomas J. Ervin; | |
| Solicitor Joseph Watson, | |
| Defendants. | |

## *BACKGROUND OF THIS CASE*

The plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC), where he is serving a life sentence for first degree burglary. He has brought suit against the Warden of the Perry Correctional Institution and various judges, prosecutors, and a parole agent for actions taken in connection with his criminal case and collateral proceedings. The plaintiff also complains about six detainers listed on his SCDC inmate records.

## *DISCUSSION*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes a district court to dismiss a case if it is satisfied that the action is frivolous

or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Even under this less stringent standard, the *pro se* amended complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Since the plaintiff is challenging criminal proceedings that ultimately resulted in his conviction and life sentence for first-degree burglary, this case is subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994). This court may also take judicial notice of the plaintiff's three unsuccessful Section 2254 habeas corpus actions in this court, Civil Action No. 6:10-0721-JFA-WMC, Civil Action No. 6:03-0490-JFA-WMC, and Civil Action No. 6:97-3739-JFA-WMC. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Solicitor Joe Watson, who prosecuted the plaintiff's criminal case, is entitled to summary dismissal because of prosecutorial immunity. *See Van de Kamp v. Goldstein*, 172 L.Ed.2d 706, 129 S.Ct. 855 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Attorney General McMaster and Assistant Attorney General Ratigan also have prosecutorial immunity for their actions in the plaintiff's post-conviction and habeas corpus cases in state and federal court. *Rice v. Nat'l Security Council*, 244 F. Supp. 2d 594, 602 (D.S.C. 2001).

The five South Carolina Circuit Judges (Patterson, Few, Miller, Pyle, and Ervin) named as defendants are Circuit Judges in the State of South Carolina's unified judicial system. *See In the Matter of Peeples*, 297 S.C. 36, 374 S.E.2d 674 (1988). Hence, they are immune from suit for any judicial actions taken in the plaintiff's criminal case, post-conviction case, or appeals. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

Although Parole Agent Dorn does not have absolute immunity, the plaintiff's claims against her are barred by the holding in *Heck v. Humphrey*, which also applies to probation and parole violation proceedings. *Brown v. Lemacks*, Civil Action No. 8:09-2160-CMC-BHH, 2010 WL 2179492 (D.S.C. April 28, 2010) ("The Supreme Court's ruling in *Heck* also applies to probation and parole violation proceedings."), *adopted*, 2010 WL 2179490 (D.S.C. May 27, 2010).

The Warden is not responsible for the plaintiff's conviction or the actions of the judges, prosecutors, or public defenders, including the filing of detainers by local law enforcement agencies. *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977).

### *RECOMMENDATION*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.

The plaintiff's attention is directed to the important Notice on the next page.

November 16, 2010  s/Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).