UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randall Edwin Latimer, ) | C/A No. 8:10-2829-JFA-KFM |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| Michael McCall, Warden, Perry Correctional ) | |
| Institution; Karen C. Ratigan, Assistant ) | |
| Attorney General; Judge Larry R. Patterson; ) | |
| Judge John C. Few; Judge Edward W. Miller, ) | |
| Leslie Dorn, Parole Agent; Henry D. ) | |
| McMaster, Attorney General; Judge C. Victor ) | |
| Pyle, Jr.; Judge Thomas J. Ervin; and ) | |
| Solicitor Joseph Watson, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The *pro se* plaintiff, Randall Edwin Latimer, brings this action pursuant to 42 U.S.C. § 1983.[1] He is an inmate at the South Carolina Department of Corrections serving a life sentence for first degree burglary. He brings this action against the defendants for alleged unconstitutional actions taken during his state criminal case and collateral proceedings.

The Magistrate Judge assigned to this action[2] has prepared a thorough Report and

---

[1] The plaintiff has filed this action *in forma pauperis* under 28 U.S.C. § 1915.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Recommendation and opines that the complaint should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation. He filed timely objections which this court will review de novo.

The Magistrate Judge opines that under the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), that plaintiff's claims are barred where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. Moreover, as plaintiff has not demonstrated that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ has been issued, the action must be dismissed for failure to state a claim.

The Magistrate Judge also properly suggests that (1) defendant Watson is immune from suit because of prosecutorial immunity; (2) defendant Attorney General McMaster and Assistant Attorney General Ratigan also have prosecutorial immunity for their actions in the plaintiff's post-conviction and habeas corpus cases in state and federal court; (3) the five defendant state circuit judges (Patterson, Few, Miller, Pyle, and Ervin) are entitled to absolute judicial immunity; (4) the claims against defendant Parole Agent Dorn are barred by *Heck*; and (5) defendant Warden is not responsible for the plaintiff's conviction or actions of the judges, prosecutors, public defenders, and law enforcement agents who may have filed

detainers against the plaintiff.

The Magistrate Judge also takes notice of the plaintiff's previous three unsuccessful habeas petitions in this court relating to plaintiff's state court conviction, which relate to the present § 1983 action.

As an initial matter, the plaintiff filed an appeal of the Magistrate Judge's Report and Recommendation prior to this court's entry of a final order in this action. That appeal is presently pending and alleges that the Magistrate Judge is in violation of plaintiff's rights of access to the courts as a result of his suggested disposition of this case. *See Latimer v. McCall*, No. 10-7727 (filed Dec. 13, 2010). As the appeal of the Report is not an appeal of a final order, this court will proceed to dispose of the Report and pending motions herein.

In his objections to the Report, plaintiff contends that because he has been granted *in forma pauperis* status, the Magistrate Judge has "pre-judged my case," and the recommendation to not issue process is denying the plaintiff access to the courts. The plaintiff also contends that the Magistrate Judge violated his "IFP statute." The court has carefully reviewed the objections and finds them repetitive of his original complaint and without merit. As such, the objections are overruled.

After the Report was entered on the docket, the plaintiff filed numerous motions with the court which are now moot in light of the court's determination that the underlying action must be dismissed.

3

After a careful review of the record, the applicable law, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process. The Clerk may terminate all other pending motions as moot.

IT IS SO ORDERED.

April 21, 2011                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge